■ FIORDALISA POLANCO, Respondent, v RICHARD HIGGINS, as Commissioner of the New York State Division of Housing and Community Renewal, et al., Appellants.—Order and judgment (one paper), Supreme Court, New York County (Eve Preminger, J.), entered May 9, 1990, which, *inter alia,* annulled and vacated the determination of the respondent State Division of Housing and Community Renewal dated December 30, 1989, unanimously affirmed, without costs.

The IAS court found a decision by the respondent Commissioner that the tenant could not recover the full amount of a rent overcharge from the present landlord but that said overcharge should be apportioned between the present and prior landlords was without a reasonable basis.

Our review of this matter is restricted to an inquiry into the rationality of the determination made by the respondent Division of Housing and Community Renewal (*Matter of Pell v Board of Educ.,* 34 NY2d 222, 230 [1974]). Without passing on the policy of apportioning between former and current owners of a rent stabilized accommodation the liability for excess rent charged to a tenant which results from a Fair Market Rent

Appeal, we find that the respondent Division's determination, in the particular circumstances of this proceeding, was not rationally based.

Times Equities Inc., the current owner, was aware of the tenant's Fair Market Rent Appeal when it purchased the building in which the subject apartment is located, as it filed an answer in the proceeding the day after it acquired the premises. Since both the former and current owners were aware of the potential liability that would result from the proceeding, arrangements could have been made between them so that each would bear its share of the burden. These facts preclude apportionment of the award by the respondent Division, notwithstanding its argument that such apportionment is in accordance with the prior longstanding policy originating with the Conciliation and Appeals Board. It would be unfair, in light of these facts, to require the tenant to incur the expense of obtaining the proceeds of a favorable determination from the prior owner. Concur—Murphy, P. J., Carro, Wallach, Kupferman and Smith, JJ.