OPINION OF THE COURT
Richard Rivera, J.
NATURE OF THE CASE
This is a plenary action in which the plaintiff tenant seeks to reduce a fair market rent appeal order issued by the New York State Division of Housing and Community Renewal (DHCR) to judgment. That order directed the defendant landlord to reimburse $6,732.04 to the tenant which DHCR determined was the amount of excessive rent that the tenant paid to the landlord. Based on this order, the tenant has moved for summary judgment in the amount of $7,856.86 which includes the award contained in the DHCR order and additional excessive rent she claims to have paid between the last month covered by the DHCR order and the date she received it. The tenant also requests an award of the legal fees she incurred in the successful defense of two summary nonpayment proceedings and in the present litigation pursuant to Real Property Law § 234. The landlord has cross-moved to dismiss the action on the ground that neither the Rent Stabilization Law of 1969 (RSL; Administrative Code of City of New York, tit 26, ch 4) nor Rent Stabilization Code (RSC; 9 NYCRR parts 2520-2530) authorize plenary actions which seek to reduce DHCR fair market rent appeal orders to judgment. In essence, the landlord claims that this court lacks jurisdiction to grant judgments based on DHCR fair market appeal orders. Additionally, it argues that Real Property Law § 234 does not entitle the tenant to legal fees. The issues presented by these motions are whether this court may grant the judgment that plaintiff seeks, and, if so, whether plaintiff is entitled to summary judgment and legal fees.
FACTUAL BACKGROUND
Ms. Msibi moved into her apartment on August 1, 1984 pursuant to a two-year lease that expired on July 31, 1986. She has executed renewal leases since then and continues to occupy the apartment. Previously, this apartment had been subject to the New York City Rent and Rehabilitation Law (Rent Control; Administrative Code, tit 26, ch 3) on December 31, 1973 and became decontrolled and subject to the Emer *295 gency Tenant Protection Act of 1974 (L 1974, ch 576, § 4) by virtue of a vacancy occurring after that date. Pursuant to RSL § 26-513, the initial rent negotiated between the owner and the first rent-stabilized tenant of this apartment was subject to a fair market rent appeal.
The monthly rent under Ms. Msibi’s first lease was $463.20. All subsequent rent increases were based on this initial rent. Sometime after she moved into the apartment, Ms. Msibi filed a fair market rent appeal with DHCR challenging the initial rent charged under her first lease. By order dated March 27, 1990, DHCR determined that the lawful stabilized rent under Ms. Msibi’s first lease should have been $366.76. Based on this lawful rent, DHCR determined that Ms. Msibi had overpaid $6,732.04 in rent and security between August 1, 1984 and July 31, 1989. Since Ms. Msibi received this order in April 1990, she continued to pay excessive rent through March 1990. She calculates that she paid an additional $1,137.04 in excessive rent through March 1990. Accordingly, she alleges a total overpayment of $7,856.86 through March 1990. Ms. Msibi seeks a judgment in this amount with interest.
In its March 27, 1989 fair market appeal order, DHCR directed the owner:
"to adjust the rent to the stabilized rent consistent with this decision; to refund or fully credit against future rents over a period not exceeding six months from the date of receipt of this order, any rent paid by the tenant herein in excess of the lawful stabilized rent as set forth on the attached Rent Calculation Chart, which is incorporated into this Order, as well as any security in excess of one month’s rent pursuant to section 2525.4 of the Rent Stabilization Code.
"In the event the owner does not take appropriate action to comply within thirty-five (35) days from the date of this Order, the tenant may credit the excess rent against the next month’s rent until fully offset” (emphasis added).
When the landlord refused to refund the excessive rent contained in the DHCR order, the tenant commenced this plenary action requesting a money judgment in the amount awarded by the DHCR order and moved for summary judgment. During the course of this action, the landlord commenced an article 78 proceeding by order to show cause in the Supreme Court challenging the DHCR order as arbitrary and capricious. By its order, the Supreme Court stayed this action. Subsequently, by order dated May 8, 1991, the Supreme Court *296 denied the landlord’s article 78 petition, affirmed the DHCR order, and vacated all stays.
When this action was restored to the Civil Court’s calendar, the landlord moved for summary judgment dismissing the action. In essence, it argues that section 26-513 of the RSL and section 2522.3 of the RSC provide the only remedies that tenants may pursue to enforce DHCR fair market rent appeal orders, i.e., to either obtain refunds from the landlord for the sums awarded by DHCR or credits against future rents. Based on this reading of the law, the landlord maintains that the tenant is not authorized to commence a plenary action in order to enforce the DHCR order, and that this court consequently lacks jurisdiction to entertain the action.
In support of its contentions, the landlord points out that, while RSL § 26-516 (a) (5) and RSC § 2526.1 (b), (e) authorize tenants to enter judgments based upon rent overcharge orders issued by DHCR, neither RSL § 26-513 nor RSC § 2522.3 provides a similar remedy for tenants who succeed in a fair market rent appeal case. This silence, the landlord argues, evinces a legislative purpose not to permit tenants to commence plenary actions designed to reduce DHCR fair market rent appeal orders to judgment.
With respect to the tenant’s legal fees claim, the landlord argues that since Real Property Law § 234 only authorizes tenants to recover legal fees in proceedings arising out of a breach of lease, the tenant cannot recover legal fees in this action which seeks to enforce a DHCR order.
DISCUSSION
With respect to applications for the adjustment of initial rents in fair market rent appeals, RSL § 26-513 (b) (1) provides in relevant part that "Where the commissioner [of DHCR] has determined that the rent charged is in excess of the fair market rent he or she shall, in addition to any other penalties or remedies permitted by law, order a refund of any excess paid since * * * the commencement of the tenancy * * * Such refund shall be made by the landlord in cash or as a credit against future rents over a period not in excess of six months.” (Emphasis added.) RSC § 2522.3 (d), which provides the regulatory enforcement provision for RSL § 26-513, provides in relevant part that DHCR fair market rent appeal orders which sustain a tenant’s rent challenge "shall direct the affected owner to make the refund of any excess rent to *297 the tenant in cash, check or money order, and to the extent the present owner is liable for all or any part of the refund, such present owner may credit such refund against future rents over a period not in excess of six months. If the refund exceeds the total rent due for six months, the tenant at his or her option may continue to abate his or her rent until the refund is fully credited, or request the present owner to refund any balance outstanding at the end of such six-month period (Emphasis added.)
Contrary to the landlord’s argument herein, these authorities do not support its contention that a rent refund or credit are the exclusive remedies for the collection of excess rents in the context of fair market rent appeals. On the contrary, RSL § 26-513 (b) (1) specifically directs DHCR to provide in its fair market rent appeal orders that rent refunds and credits supplement but do not foreclose “any other * * * remedies permitted by law” to collect the excess rent. RSC § 2522.3 (d) reinforces this concept by authorizing a tenant at “his or her option” to accept a refund or credit or demand immediate repayment of any balances remaining after the six-month refund period allotted to the landlord expires. Read together, the RSL and RSC give the landlord six months to refund or credit to the tenant the excess rent that DHCR found it charged, and they authorize tenants to pursue additional legal remedies when they are not fully refunded within this six-month period.
In this case, the tenant claims that the landlord did not offer her a lump-sum reimbursement of or a six-month credit toward the excessive rent found by DHCR. Instead, the landlord commenced nonpayment summary proceedings against her when she began to pay the lower monthly rent that DHCR determined was lawful for her apartment. Under these circumstances, she decided to pursue a plenary action which is authorized by the language contained in RSL § 26-513.
During oral argument of these motions, the landlord nevertheless insisted that under these circumstances the RSL and RSC only authorized Ms. Msibi to unilaterally abate her rent until she was fully reimbursed. This misreads the applicable statute and code. Although RSL § 26-513 and RSC § 2522.3 authorized Ms. Msibi to unilaterally credit/abate her rent when her landlord refused to reimburse her at all or where a six-month credit option fails to fully reimburse her within that period, Ms. Msibi was not required to choose this unilateral abatement option. In these circumstances, the RSL and *298 RSC allowed her to demand full repayment. This decision was purely optional with her.
Moreover, since the RSL and RSC make clear that Ms. Msibi could demand a full lump-sum reimbursement of any remaining balances in the event her landlord voluntarily offered to reimburse over a six-month period, it would be incongruous to read the statutes as foreclosing this option where, as here, it is claimed that the landlord made no repayment offer at all. Allowing tenants in Ms. Msibi’s situation to demand full repayment under these circumstances and to pursue their unsatisfied demand in a plenary action implements the Legislature’s expressed desire to allow such tenants to pursue "any other * * * remedies permitted by law”. (RSL § 26-513 [b] [1].)
Furthermore, to rigidly limit the tenant’s remedies to a unilateral abatement option, as the landlord herein urges, would give an excessively narrow and unintended interpretation to the RSL and RSC. Such a reading would subject tenants in Ms. Msibi’s position to the risk of further litigation in summary nonpayment proceedings which might result from her independent withholding of rent. This is particularly true where a landlord disagrees with and resists the reimbursement obligations imposed by a DHCR fair market rent appeal order and threatens or engages in further litigation. Indeed, this is precisely what happened in this case. In addition, unilateral rent withholding might be an effective remedy so long as tenants like Ms. Msibi remained in their apartments. Where such tenants choose to move, however, the rent withholding approach would lose effectiveness as a collection device.
Based on the foregoing, I hold that RSL §26-513 and RSC § 2522.3 (d) authorize Ms. Msibi to pursue a plenary action to collect any outstanding balances still due under the DHCR fair market rent appeal order as well as any excess rent paid by the tenant between the date of the DHCR order and the tenant’s receipt of the order. This determination necessarily means that the Civil Court has jurisdiction to hear that action, and that the landlord’s motion for summary judgment dismissing the complaint must be denied. In this regard, Ms. Msibi’s motion for summary judgment based on the DHCR fair market rent appeal order is granted to the extent of holding that she is entitled to a money judgment for any outstanding balances she can demonstrate are still due to *299 her under the DHCR order and by reason of any additional excessive rents she paid after the effective date of that order.
With respect to the tenant’s legal fees claim, Real Property Law § 234 authorizes tenants to recover legal fees where their residential leases permit landlords to recover legal fees incurred in actions and summary proceedings brought as a result of the tenants’ failure to perform any covenant or agreement contained in the lease. In such cases, "there shall be implied in such lease a covenant by the landlord to pay to the tenant the reasonable attorneys’ fees and/or expenses incurred by the tenant as a result of the failure of the landlord to perform any covenant or agreement on its part to be performed under the lease or in the successful defense of any action or summary proceeding commenced by the landlord against the tenant arising out of the lease” (Real Property Law § 234).
To be entitled to the claimed legal fees under this statute, Ms. Msibi must demonstrate that there is a written lease in effect for her apartment which authorizes the landlord to recover any legal fees which it might incur in the successful prosecution of summary proceedings and actions commenced to enforce a lease covenant or agreement that it claims Ms. Msibi has violated. Assuming the existence of such a lease, Real Property Law § 234 grants Ms. Msibi the reciprocal right to recover the legal fees she incurs in the successful prosecution of summary proceedings and actions occasioned by the landlord’s breach of lease agreements and covenants.
In this regard, it is well established that the rights and obligations created by the RSL "have always been read into leases as implied covenants”. (119 Fifth Ave. Corp. v Berkhout, 134 Misc 2d 963, 966, amended on reconsideration 135 Misc 2d 773 [Civ Ct, NY County 1987]; Nesbitt v New York City Conciliation & Appeals Bd., 121 Misc 2d 336 [Sup Ct, NY County 1983].) In this case, DHCR’s fair market rent appeal order establishes as a matter of law that the landlord violated the fair market rent provisions of the RSL and RSC. Specifically, RSL § 26-512 (a) prohibits owners of rent-stabilized apartments from charging or collecting "any rent in excess of the initial legal regulated rent or adjusted legal regulated rent” until the expiration of the appropriate lease or until the rent guidelines board authorizes a different legal regulated rent, and RSL § 26-511 (c) (2) requires DHCR to provide in the RSC that owners may not charge rents that exceed the level of lawful rents as provided by law. As already seen, these *300 violations constitute breaches of lease convenants and would entitle Ms. Msibi to legal fees if she can show that she has a lease with the appropriate language triggering the application of Real Property Law § 234. If she makes this showing, she will be entitled to the payment of the legal fees she has incurred in this action as well as those she incurred in the summary proceedings she successfully defended and which the landlord commenced to collect the rents that DHCR found were unlawful. On the record before the court, however, the parties have not included the relevant lease in eifect between the parties, and a final determination on Ms. Msibi’s legal fees claim will have to be resolved at a hearing where the parties produce the relevant lease and Ms. Msibi can make an evidentiary showing regarding the appropriate amount of legal fees to which she believes she is entitled.
CONCLUSION
Based on the foregoing, I hold that under the facts presented RSL § 26-513 and RSC § 2522.3 (d) authorize the tenant herein to pursue this plenary action which seeks to reduce the DHCR fair market rent appeal order to judgment, and that this court has jurisdiction to entertain the action. Accordingly, the landlord’s motion to dismiss the tenant’s plenary action is denied. In addition, the tenant’s motion for summary judgment is granted to the extent of holding that she is entitled to a money judgment based upon the DHCR order and appropriate legal fees as discussed above. A hearing will be held on March 31, 1992, at 2:30 p.m. in room 1407 to determine the amount of any excess rent still due to the tenant and the appropriate amount of legal fees to which she may be entitled.