■ 3410 KINGSBRIDGE PARTNERS, Appellant, v SHARON M. ATKINSON, Respondent. [696 NYS2d 439] —Order of the Appellate Term of the Supreme Court, First Department (McCove and Gonzalez, JJ.; Parness, P. J., dissenting), entered December 21, 1998, which, in a summary nonpayment proceeding, reversed an order and final judgment (one paper) of the Civil Court, Bronx County (Brenda Spears, J.), entered on or about October 8, 1997, in favor of petitioner landlord, and dismissed the petition, unanimously affirmed, without costs.

Appellate Term correctly held that the tenant of a rent-stabilized apartment retained her right under Rent Stabilization Code (9 NYCRR) § 2522.3(d) to abate her rent until a refund of excess rent, awarded her by an order of the Division of Housing and Community Renewal (DHCR) disposing of her fair market rent appeal (*see*, Rent Stabilization Law [Administrative Code of City of NY] § 26-513), is fully credited, without

regard to her having caused a purported judgment based on the DHCR order to be filed by the Bronx County Clerk. Such purported judgment, which appears to be entirely unsatisfied, is a nullity, because, unlike the provisions of law governing enforcement of DHCR orders awarding penalties in rent overcharge proceedings (*see,* Rent Stabilization Law § 26-516 [a] [ii] [5]; Rent Stabilization Code § 2526.1 [e]), the provisions of law governing enforcement of DHCR orders awarding refunds of excess rent in fair market rent appeals (*see,* Rent Stabilization Law § 26-513; Rent Stabilization Code § 2522.3 [d]) do not authorize entry of a judgment based on such an order without commencement of a plenary action (*cf., Msibi v JRD Mgt. Corp.,* 154 Misc 2d 293). Accordingly, the tenant was entitled to abate all of her rent for the period at issue in this proceeding, since the amount of such rent was less than the amount of the refund to which she was entitled. We do not now determine the effect on the rent for the apartment in question of rent reduction orders rendered by DHCR in 1992 and 1997, which issue was not specifically addressed by the Civil Court or ruled on by the Appellate Term, and the parties remain free to litigate that issue in future proceedings. Finally, our determination that the tenant was entitled to offset the refund against all of her rent for the period in question makes it unnecessary for us to reach the issue of whether the tenant was entitled to an abatement of rent based on the landlord's alleged breach of the warranty of habitability. Concur—Ellerin, P. J., Rosenberger, Tom, Lerner and Saxe, JJ.