■ DENNIS MATH, Appellant, v ESTATE OF SOL GOLDMAN, Deceased, et al., Respondents. [707 NYS2d 425] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered on or about December 18, 1998, which denied plaintiff's motion for summary judgment and dismissed the complaint, unanimously reversed, on the law, without costs, the complaint reinstated, and plaintiff's motion for summary judgment granted. The Clerk is directed to enter judgment in favor of plaintiff in the amount of $63,263.78 plus interest from September 22, 1989.

Plaintiff's motion for summary judgment should have been granted, since he is clearly entitled, pursuant to New York City Rent Stabilization Law ([RSL] Administrative Code of City of NY) § 26-513, to bring a plenary action to enforce the Fair Market Rent Adjustment (FMRA) order awarded in his favor (see, 3410 Kingsbridge Partners v Atkinson, 265 AD2d 204; Msibi v JRD Mgt. Corp., 154 Misc 2d 293, 298). The motion court erred in applying to plaintiff's action the inapposite provisions of RSL § 26-516, which govern, among other things, the remedies for enforcement of rent overcharge proceedings, and the provisions of CPLR 213-a, which set the limitations period for rent overcharge actions. The RSL prescribes no limitations period for enforcement of FMRA orders. Similarly, defendants' contention that the limitations period set forth in the New York City Rent and Rehabilitation Law should be applicable to plaintiff's action is also without merit (see, Matter of Duell v Condon, 84 NY2d 773, 778; Braschi v Stahl Assocs. Co., 74 NY2d 201, 210).

Defendants' remaining contentions have been reviewed and found meritless. Concur—Rosenberger, J. P., Williams, Lerner, Andrias and Friedman, JJ.