■ In the Matter of DEBRA SPOHNHEIMER, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, and IVAN STUX et al., Intervenors-Respondents. [715 NYS2d 843] —Judgment, Supreme Court, New York County (Louis York, J.), entered July 8, 1999, which denied the petition and dismissed the proceeding pursuant to CPLR article 78 to annul in part the determination of respondent New York State Division of Housing and Community Renewal (DHCR), dated October 9, 1998, denying petitioner's application for interest, attorneys' fees and treble damages on her claim, denominated by her as one for rent overcharge, unanimously affirmed, without costs.

DHCR's determination to process the tenant's "rent overcharge" complaint as a Fair Market Rent Appeal and to adjust the legal regulated rent to the fair market rent (*see, Matter of McKensie v Mirabal*, 155 AD2d 194; *Matter of Jemrock Realty Co. v State Div. of Hous. & Community Renewal*, 169 AD2d 679, *lv denied* 78 NY2d 852) and to direct the owner to refund the excess rent but not to impose treble damages, interest, and attorneys' fees (*see*, Rent Stabilization Law of 1969 [Administrative Code of City of NY] §§ 26-512, 26-513, 26-516; Rent Stabilization Code [9 NYCRR] § 2526.1; *Matter of Ista Mgt. v State Div. of Hous. & Community Renewal*, 161 AD2d 424) was rationally based upon the record and in accordance with the applicable law (*Matter of Salvati v Eimicke*, 72 NY2d 784, 791; *Matter of Pell v Board of Educ.*, 34 NY2d 222). Concur—Mazzarelli, J. P., Lerner, Rubin, Buckley and Friedman, JJ.