■ SEAN FULLAN et al., Respondents-Appellants, v 142 EAST 27TH STREET ASSOCIATES et al., Respondents, and 27 REALTY, L. L. C., et al., Appellants-Respondents. [723 NYS2d 179] —Order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered June 21, 2000, which denied defendants-appellants' motion for summary judgment dismissing the complaint as against them, and, following a search of the record, denied plaintiffs' request for summary judgment, unanimously modified, on the law, to grant plaintiffs summary judgment as to liability as against defendant 27 Realty, L. L. C. (27 Realty) for the underlying Fair Market Rent Appeal (FMRA) award and for plaintiffs' attorneys' fees in connection therewith, and the matter remanded for further proceedings, and otherwise affirmed, without costs.

This is an enforcement action brought by plaintiff tenants to collect a State Division of Housing and Community Renewal (DHCR) FMRA award entitling them to recover some $37,480 in excessive rent paid by them to their former landlord between 1985 and 1993. The motion court correctly observed that a current successor landlord is generally liable for overcharges collected by a predecessor landlord after April 1, 1984 (see, Matter of Gaines v New York State Div. of Hous. & Community Renewal, 90 NY2d 545, 547; Matter of Greenberg Real Estate v Division of Hous. & Community Renewal, 258 AD2d 313). We see no reason to except from this rule, particularly where, as here, due diligence by plaintiffs' present landlord, 27 Realty, in connection with its purchase of the subject premises would have apprised it of the FMRA award and would have enabled it to take steps to avoid the necessity for this enforcement action or, at the very least, to avoid the financial consequences of successor liability. Accordingly, plaintiffs were entitled to summary judgment as to liability as against 27 Realty. Contrary to the motion court's view, once plaintiffs' right to recover as against 27 Realty had been established as a matter of law, and the motion court acknowledged that it had, there existed no justification for withholding from them the requested relief as against 27 Realty. The possibility that 27 Realty might ultimately prevail upon its cross claims for indemnity and/or contribution as against the prior owner of the subject premises, defendant 142 East 27th Street Associates, did not constitute a ground upon which to further delay plaintiffs' recovery of the amounts due them under the 1993 FMRA award.

In all other respects, summary judgment was properly denied

for the reasons stated by the motion court. Concur—Mazzarelli, J. P., Andrias, Saxe, Buckley and Friedman, JJ.