OPINION OF THE COURT
Edgar G. Walker, J.
Plaintiff moves for summary judgment, pursuant to CPLR 3212, on this action seeking recovery of overcharges in rent paid to defendant, as determined by the Division of Housing *404 and Community Renewal (DHCR) pursuant to plaintiffs fair market rent appeal. Defendant cross-moves to dismiss.
Upon the motion and cross motion, with exhibits thereto, the motion is granted to the extent that judgment is awarded in favor of plaintiff, Harvey Gersten, against defendant, 111-50 Realty Company, in the amount of $17,936.83, together with interest thereon from October 24, 1990, and the cross motion is denied.
Preliminarily, defendant’s claim that it was not properly served has been waived by its failure to move for judgment on that ground within 60 days after service of its answer. (CPLR 3211 [e].) Defendant’s challenge to the sufficiency of the endorsed complaint is also without merit. (CCA 903.) Even where there is a formal complaint, as long as a cause of action is supported by admissible evidence in plaintiffs submissions, plaintiff may prevail on the motion for summary judgment, and any perceived deficiencies in the complaint may be cured by amendment if necessary. (Alvord & Swift v Muller Constr. Co., 46 NY2d 276 [1978]; Ayala v V & O Press Co., 126 AD2d 229 [2d Dept 1987].)
The relevant facts are not in dispute. Plaintiff, a rent-stabilized tenant of apartment 27A located at 111-50 75th Road, Queens, New York, instituted a fair market rent appeal with the DHCR against his landlord, the defendant herein, alleging that his initial rent exceeded the fair market rent for the subject apartment. The DHCR, in its resulting order, dated October 24, 1990, determined that the initial rent was higher than the fair market rent and directed defendant to adjust the rent accordingly, effective March 1, 1986, the date plaintiff entered into his initial lease. It further directed defendant “to refund any rent paid by tenant herein in excess of such recomputed rent.” A timely petition for administrative review (PAR) was denied on January 8, 1998, affirming the decision of the Rent Administrator. The defendant did not seek judicial review by way of a CPLR article 78 proceeding. Therefore, the order and determination of the DHCR became final. Plaintiff thereafter commenced the within action in September 1998.
A tenant may enforce a fair market rent appeal award in a plenary action and reduce the award to a judgment (3410 Kingsbridge Partners v Atkinson, 265 AD2d 204; Chechak v Hakim, 269 AD2d 333; see Rent Stabilization Law of 1969 [Administrative Code of City of NY] § 26-513 [b] [1]). Moreover, plaintiff is entitled to prejudgment interest thereon computed from the date of the Rent Administrator’s order (CPLR 5001 *405 [a]; Chechak v Hakim, supra). The tenant is also entitled to have included in the judgment any additional excess rents paid after the period covered by the order. (See Msibi v JRD Mgt. Corp., 154 Misc 2d 293.)
The plaintiff’s recovery cannot be limited only to the period covered by the DHCR order as is urged by the defendant. To do so would only encourage the kind of delay and noncompliance which has occurred in this case and would deny a tenant any effective remedy to recover excess rent paid during the pendency of the DHCR proceedings. In this case, the defendant’s PAR was not decided until almost 10 years after the plaintiff first brought his fair market rent appeal. Until then, the plaintiff could not sue for any overcharges in this Court, the DHCR having exclusive original jurisdiction to set the initial rent, subject to article 78 review. (240 W. 98th St. Assocs. v Ungar, NYLJ, July 8, 1998, at 30, col 4.) Logic and law dictate that plaintiff cannot and need not bring another fair market rent appeal to cover the subsequent overcharges, since there can be only one initial rent and that has already been conclusively determined.
The order of the DHCR demonstrates plaintiff’s entitlement to judgment as a matter of law. In addition, the plaintiff has submitted a detailed calculation of the amount of the excess rent collected. The burden then shifts to the defendant to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require trial of the action. (Alvarez v Prospect Hosp., 68 NY2d 320.) Defendant has submitted nothing to demonstrate that the plaintiff’s calculations are erroneous, arguing only that plaintiff’s failure to attach copies of cancelled checks to his papers requires denial of the motion. Nowhere does defendant deny receiving the rent as alleged by plaintiff. Defendant has, therefore, failed to raise any issue of fact requiring resolution at trial.