■ 1 BK STREET CORP., Respondent, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Appellant. [756 NYS2d 156] —Order and judgment (one paper), Supreme Court, New York County (Alice Schlesinger, J.), entered November 7, 2001, which granted the petition pursuant to article 78 of the CPLR to the extent of vacating the administrative determination which set the fair market rent for the subject apartment, directed petitioner to refund the excess rent payments to tenant and remanded the matter for further proceedings, reversed, on the law, without costs, the petition denied and the proceeding dismissed.

It is well established that where, as here, an administrative agency's determination has a rational basis, and is supported by evidence in the record, it must be affirmed (*see e.g. Matter of Pell v Board of Educ.*, 34 NY2d 222, 230). Contrary to the findings of Supreme Court, we find that the determination of the New York State Division of Housing and Community Renewal (DHCR) to process the tenant's "rent overcharge complaint" as a fair market rent appeal and to direct the owner to refund the excess rent was rationally based upon the record and in accordance with the applicable law, and thus not subject to judicial disturbance (*see Matter of Spohnheimer v New York State Div. of Hous. & Community Renewal*, 277 AD2d 58; *Matter of Jemrock Realty Co. v State Div. of Hous. & Community Renewal*, 169 AD2d 679, *lv denied* 78 NY2d 852; *Matter of McKenzie v Mirabal*, 155 AD2d 194).

It is undisputed that the owner prior to petitioner failed to furnish the appropriate and requisite notices to the tenant notifying him of the change of status of the subject apartment from rent-controlled to rent-stabilized and of his right to file a fair market rent appeal, which challenges the assessed rent following decontrol. Tenant's handwritten notation in his initial complaint that he believed the prior long-term tenant was a rent-controlled tenant was sufficient notice to the owner that the complaint was, in effect, a fair market rent appeal. Furthermore, the DHCR acted rationally in imposing a rent overcharge penalty upon petitioner, the present owner of the subject apartment building, since the current owner is responsible for his predecessor's overcharges and penalties under the Rent Stabilization Law (*see* Rent Stabilization Code [9 NYCRR] § 2526.1 [f] [2]; *see also Fullan v 142 E. 27th St. Assoc.*, 282 AD2d 275, *lv dismissed* 97 NY2d 638). Finally,

petitioner's contention that it suffered actual prejudice as a result of DHCR's delay in converting the tenant's initial complaint into a fair market rent appeal is unavailing (*see Matter of Louis Harris & Assoc. v deLeon*, 84 NY2d 698, 702; *Matter of Powers Assoc. v New York State Div. of Hous. & Community Renewal*, 229 AD2d 349, 351, *lv denied* 89 NY2d 808).

We have considered petitioner's remaining arguments and find them to be without merit. Concur—Saxe, J.P., Sullivan, Lerner and Gonzalez, JJ.

Ellerin, J., dissents and would affirm for the reasons stated by Schlesinger, J.