■ In the Matter of LIGHTHOUSE PROPERTIES, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, and DENNIS M. ELLISON et al., Intervenors-Respondents. In the Matter of DENNIS M. ELLISON et al., Appellants, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, and LIGHTHOUSE PROPERTIES, Intervenor-Respondent. [761 NYS2d 28] —Order, Supreme Court, New York County (Elliott Wilk, J.), entered January 29, 2002, which, to the extent appealed from by Lighthouse Properties, denied and dismissed Lighthouse's petition brought, pursuant to CPLR article 78, to annul the determination of respondent New York State Division of Housing and Community Renewal (DHCR), dated December 13, 2000, insofar as that determination found that the owner of the subject rent-stabilized apartment owed a refund of $37,172.92 to tenants Mr. Ellison and Ms. Ciacio; and which, to the extent appealed from by tenants Ellison and Ciacio, inter alia, denied and dismissed their petition, brought pursuant to CPLR article 78, challenging por-

tions of DHCR's December 13, 2000 determination declining to award them treble damages or attorneys' fees and costs, unanimously affirmed, without costs.

In light of the owner's failure to meet its burden to demonstrate that the first rent-stabilized tenant of the subject apartment had been served with an initial registration (RR-1) form, DHCR's treatment of the rent overcharge complaint of the successor tenants, Ellison and Ciacio, as a fair market rent appeal, was not time-barred (*see Matter of McKenzie v Mirabal,* 155 AD2d 194 [1990]). We reject the contention that the owner was unfairly prejudiced by the delay in converting the rent overcharge proceeding into a Fair Market Rent Appeal (*see 1 BK St. Corp. v New York State Div. of Hous. & Community Renewal,* 302 AD2d 263 [2003]).

DHCR properly used a special guideline issued by the Rent Guidelines Board to determine the fair market rent, since the record demonstrates that the owner failed to submit data as to comparable apartments (*see Matter of Mansions v Higgins,* 189 AD2d 713 [1993]).

The Administrative Law Judge properly exercised her discretion in declining to grant the owner a third adjournment in the hearing proceedings.

We have considered the tenants' contentions that DHCR used the wrong basis for calculating damages, improperly denied their request for treble damages and legal costs, and should have required Lighthouse to post a bond, and find them to be without merit. Concur—Buckley, P.J., Andrias, Sullivan, Lerner and Friedman, JJ.