*635 OPINION OF THE COURT
Memorandum.
Order insofar as appealed from unanimously affirmed with $10 costs.
Plaintiff, formerly a tenant in an apartment owned by defendant and another, commenced this action in March 2002 seeking to recover a refund, awarded in a fair market rent appeal (FMRA) order of the Division of Housing and Community Renewal, dated August 21, 1998, of excess rents collected between May 1992 and April 20, 1998 (see generally Rent Stabilization Code [9 NYCRR] § 2522.3 [d] [1]). The defense is that the complaint is time-barred under CPLR 213-a as to any overcharges that were collected more than four years before the instant action was commenced. In support of this defense, defendant cites Matter of Gilman v New York State Div. of Hous. & Community Renewal (99 NY2d 144 [2002]), in which the Court of Appeals held that the Rent Regulation Reform Act of 1997 (L 1997, ch 116) is applicable to FMRAs.
In our view, the Civil Court properly awarded summary judgment to plaintiff. CPLR 213-a is not applicable to a plenary action to recover a refund ordered in an FMRA award (Math v Estate of Goldman, 272 AD2d 108 [2000]). Matter of Gilman (supra) does not change this rule because it involved a direct CPLR article 78 review of an FMRA award, not a subsequent action to enforce the FMRA award. The CPLR 213-a contention can properly be raised only in the FMRA itself and in the article 78 review thereof, not in the action to enforce the FMRA award, which award cannot be collaterally attacked.
Pesce, P.J., Golia and Rios, JJ., concur.