[802 NE2d 1105, 770 NYS2d 707]

SEAN FULLAN et al., Respondents, v 142 EAST 27TH STREET ASSOCIATES et al., Defendants, and 27 REALTY, LLC, et al., Appellants.

Argued November 19, 2003; decided December 22, 2003

**POINTS OF COUNSEL**

*Kaufman Friedman Plotnicki & Grun, LLP,* New York City (*Howard Grun* of counsel), for appellants. Appellants are not liable to respondents for the fair market rent appeal (FMRA) award under the FMRA provisions of the Rent Stabilization Code, the Division of Housing and Community Renewal's policy statement and opinion letter, and decisional law. (*Polanco v Higgins,* 175 AD2d 729; *Matter of New York State Assn. of Life Underwriters v New York State Banking Dept.,* 83 NY2d 353; *Spivak v Madison-54th Realty Co.,* 60 Misc 2d 483; *Matter of Gaines v New York State Div. of Hous. & Community Renewal,* 90 NY2d 545; *Matter of Greenberg Real Estate v Division of Hous. & Community Renewal,* 258 AD2d 313.)

*Law Offices of Mitchell Merlis,* New York City (*Mitchell Merlis* of counsel), for respondents. The tenants (plaintiffs/respondents) may enforce their fair market rent appeal (FMRA) award against the current owners (defendants/appellants) in a plenary action in Supreme Court. The Division of Housing and Community Renewal's Policy Statement 93-1 and opinion letter, dated August 10, 1999, are inapplicable to such a plenary proceeding. (*Polanco v Higgins,* 175 AD2d 729; *Green v Santa Fe Indus.,* 70 NY2d 244; *Gramatan Home Invs. Corp. v Lopez,* 46 NY2d 481; *Watts v Swiss Bank Corp.,* 27 NY2d 270; *D'Arata v New York Cent. Mut. Fire Ins. Co.,* 76 NY2d 659; *Matter of Greenberg Real Estate v Division of Hous. & Community Renewal,* 258 AD2d 313; *Coulston v Singer,* 86 Misc 2d 1001; *Matter of Greenthal Co. v State Div. of Hous. & Community Renewal,* 126 Misc 2d 795; *Matter of Gaines v New York State Div. of Hous. & Community Renewal,* 230 AD2d 631; *Turner, 308 Realty v Spear,* 134 Misc 2d 733.)

**OPINION OF THE COURT**

CIPARICK, J.

This appeal requires us to determine whether a current owner

may be held liable for a fair market rent appeal (FMRA) award for excess rents collected by a previous owner, where the current owner was not a party to the FMRA and did not have an opportunity to participate in the FMRA process. We conclude that, under these circumstances, a current owner cannot be held liable for the FMRA award.

Plaintiffs Sean Fullan and Peggy Bates are tenants in a rent stabilized apartment in a building currently owned by defendant 27 Realty, LLC. When plaintiffs signed their lease in 1985—setting the monthly rent at $775—the property was owned by Dobro Corporation. In 1991, plaintiffs filed an FMRA with the Division of Housing and Community Renewal (DHCR), alleging that their monthly rent was in excess of fair market value. Two years later, DHCR issued an order determining that the fair market rent for the subject apartment was $434.34 per month, rather than $775, and adjusting the initial regulated rent to reflect that amount. As a result, DHCR found that a refund in the amount of $37,480.05 was due plaintiffs.

In October 1993, Dobro filed a petition for administrative review (PAR), appealing the FMRA award. However, DHCR did not issue its order denying the PAR until January 1997.[1] At no time was a lien recorded against the building in connection with this award. In 1995, while the PAR was pending, Dobro transferred the building to 142 East 27th Street Associates (Associates). Approximately a month after the PAR was denied, Associates conveyed the building to the present owner without providing notice of the FMRA award. Neither Dobro nor Associates refunded or credited any of the excess rent due to plaintiffs as directed by DHCR.

Plaintiffs then commenced this plenary action in December 1998 against the current owner and its managing agent (27 Realty), as well as Associates, its managing agent and individual partners, to collect a money judgment in the amount of the FMRA award with interest and attorneys' fees. 27 Realty moved for summary judgment dismissing the complaint against it on the ground that it was not a party to the FMRA and thus as a matter of law could not be held liable for the excess rent. Plaintiffs asked Supreme Court to search the record and grant summary judgment in their favor.

---

1. It is lamentable that the DHCR process from the initial filing of the FMRA to the conclusion of the PAR took six years, especially where plaintiffs prevailed, at least in part, because the landlord failed to submit the appropriate rental comparability data.

Supreme Court denied 27 Realty's motion and determined that, although plaintiffs established their entitlement to recover the excess rents from 27 Realty, they were not entitled to summary judgment at that time since 27 Realty would likely prevail on their cross claims against Associates at trial.[2] The Appellate Division modified by granting plaintiffs summary judgment against 27 Realty on the issue of liability for the FMRA award and attorneys' fees, and remanding for additional proceedings. The Court found plaintiffs were entitled to summary judgment because "a current successor landlord is generally liable for overcharges collected by a predecessor landlord . . ." (282 AD2d 275, 275 [2001]). In addition, the Court found that 27 Realty could have avoided liability through the exercise of due diligence. On remand, Supreme Court determined that plaintiffs were entitled to the FMRA award with interest, attorneys' fees, costs and disbursements and entered a judgment in the amount of $95,158.90. We now reverse.

## Discussion

Two types of DHCR proceedings are relevant to this appeal—fair market rent appeals and rent overcharge cases. A fair market rent appeal to determine the proper initial rent is generally available only to the first tenant to occupy the premises as of April 1, 1984, and is governed by section 2522.3 of the Rent Stabilization Code (9 NYCRR). A rent overcharge case, governed by section 2526.1 of the Rent Stabilization Code, is not limited to the first tenant and is brought to recover rents charged by owners that exceed the legal regulated rent.[3] Here, plaintiffs, as the first tenants after the apartment became rent stabilized, properly brought an FMRA proceeding.

The Rent Stabilization Code allows for "an appeal of the initial rent on the ground that it exceeds the fair market rent for the housing accommodation" (9 NYCRR 2522.3 [a]). The section further provides that when an appeal has been decided, "[t]he order shall direct the *affected* owner to make the refund of any excess rent to the tenant . . . and to the extent the present owner is liable for all or any part of the refund, such present owner may credit such refund against future rents . . ."

---

**2.** The parties entered into a stipulation in February 2003 discontinuing any and all claims and cross claims against Associates.

**3.** At the time of commencement of this proceeding, the May 1987 versions of both 9 NYCRR 2522.3 and 9 NYCRR 2526.1 were in effect. Both provisions were amended December 20, 2000.

(Rent Stabilization Code [9 NYCRR] § 2522.3 [d] [1] [emphasis added]). The language of the provision does not direct, or even create a presumption, that the current owner will be liable for the entire FMRA.

In *Polanco v Higgins* (175 AD2d 729 [1st Dept 1991]), the Appellate Division determined that a DHCR decision to apportion liability for an FMRA between current and former owners was irrational where the current owner was aware of the FMRA and had submitted an answer in the proceeding. In response to that decision, DHCR issued Policy Statement 93-1 concerning a current owner's liability for excess rent determined by an FMRA (*see* DHCR Policy Statement 93-1, issued Aug. 20, 1993, reissued July 1995). The Policy Statement lists the three situations in which a current owner will be deemed a party to an FMRA: (1) if the current owner was served with a copy of the FMRA by DHCR and had a chance to submit an answer, (2) if the current owner actually answered, or (3) if the current owner failed to provide DHCR with notice of the change of ownership and DHCR sends a copy of the FMRA to the previous owner (*see* DHCR Policy Statement 93-1). The Policy Statement "modifie[d] DHCR's prior practice of ordering the current owner to refund only the excess rent that the current owner actually collected" (DHCR Policy Statement 93-1). As a result, current owners who had an opportunity to participate in the FMRA process are subject to joint and several liability for excess rents charged by previous owners (*see* DHCR Policy Statement 93-1).

Here, 27 Realty did not have an opportunity to participate in the FMRA. The current owner purchased the property a month after the PAR was decided and was apparently unaware of the existence of the FMRA award. Nor was the FMRA award reduced to judgment—in which case a lien could have been filed that would have appeared on a title search. Further, 27 Realty has charged plaintiffs rent at the legal rate and has not collected any excess rent. Thus, there is no basis under either the Rent Stabilization Code or DHCR policy for holding 27 Realty liable for the excess rent charged by previous owners. Additionally, a purchaser does not have a statutory obligation of due diligence to investigate the potential existence of FMRA awards.

Contrary to plaintiffs' argument, cases such as *Matter of Gaines v New York State Div. of Hous. & Community Renewal* (90 NY2d 545 [1997]) are inapposite. *Gaines* addressed a current owner's liability for rent overcharges by previous owners, which is governed by section 2526.1 of the Rent Stabilization

Code, rather than section 2522.3—the FMRA provision. Section 2526.1 provides that "[f]or overcharge complaints filed or overcharges collected on or after April 1, 1984, a current owner shall be responsible for all overcharge penalties, including penalties based upon overcharges collected by any prior owner" (9 NYCRR 2526.1 [f] [2] [i]). However, the rent overcharge section also specifically states that "[t]he provisions of this section shall not apply to a proceeding pursuant to section 2522.3 of this Title" (9 NYCRR 2526.1 [g]). The Code clearly imposes a different and much greater level of liability upon a current owner in the context of rent overcharges—that of total liability for the overcharges of a predecessor landlord—than in the context of FMRAs. The two concepts should not be combined to impose liability upon 27 Realty in the situation presented here.

Plaintiffs also argue that since this is a plenary action, rather than a DHCR proceeding, liability should be imposed upon 27 Realty because they were parties to the proceeding by virtue of the concept of privity and successors in interest to Dobro and Associates. Plaintiffs, however, offer no support for the proposition that merely commencing a plenary action can subject a party to liability that the party would not otherwise face in an FMRA proceeding before the DHCR. Under the Rent Stabilization Code and DHCR policy, a current owner who did not have an opportunity to participate in the proceedings is not liable for an FMRA award for excess rents charged by prior owners, and a tenant cannot enforce nonexistent liability against the successor owner in a plenary action.

Finally, there is no evidence that the transfers here were anything other than arm's length transactions or that they were entered into for the purpose of evading liability for excess rent charges. No fraud cause of action was pleaded. Plaintiffs simply sought to enforce the DHCR award against a current owner not a party to the FMRA proceeding. That 27 Realty took title before the running of the statute of limitations for a CPLR article 78 proceeding is also of no import. For liability to attach, the current owner had to have an opportunity to participate in the FMRA process; 27 Realty had no such opportunity.

Accordingly, the judgment appealed from and the order of the Appellate Division brought up for review should be reversed, with costs, and the appellants' motion for summary judgment dismissing the complaint should be granted.

Chief Judge KAYE and Judges G.B. SMITH, ROSENBLATT, GRAFFEO and READ concur.

Judgment appealed from and order of the Appellate Division brought up for review reversed, etc.