■ TONI SCIARRA, Also Known as TONI SCIARRA POYNTER, Respondent, v 531 EAST 83RD STREET OWNERS CORP. et al., Appellants. [779 NYS2d 66]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered on or about September 8, 2003, which, in an action by a tenant to enforce a fair market rent appeal (FMRA) order against her former landlords (defendants Tessler and 531 East 83rd Street Owners Corp.) and current landlord (defendant East End at 83rd Street, Inc.), denied defendants' motions for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Successor landlords are not generally liable for excess rent collected by predecessor landlords, as determined in an FMRA order. This is unless they had an opportunity to participate in the FMRA, in which event they are subject to joint and several liability for the excess rent collected by their predecessors (*see Fullan v 142 E. 27th St. Assoc.*, 1 NY3d 211, 215 [2003]). On this record, it cannot be determined whether defendants 531 East and/or East End had such an opportunity to participate in the FMRA that plaintiff brought against defendant Tessler. Among other unresolved issues are when plaintiff filed her FMRA application with the Division of Housing and Community Renewal, when defendants 531 East and East End respectively became plaintiff's landlord, whether the relationship between 531 East and East End was such that notice to one constituted notice to the other, and whether the transactions between 531

East and East End were not at arm's length or entered into for the purpose of evading liability for excess rent charges (*see id.* at 216).

The IAS court correctly held that a plenary action to enforce an FMRA order is governed by the six-year limitations period in CPLR 213 (1) (*cf. Math v Estate of Goldman*, 272 AD2d 108 [2000]).

We have considered defendants' other arguments and find them unavailing. Concur—Nardelli, J.P., Mazzarelli, Andrias, Gonzalez and Sweeny, JJ.