FABIAN OBISPO, Appellant, v 423 MADISON AVENUE L.L.C. et al., Respondents. [920 NYS2d 328]—

The motion court correctly found that this plenary action to enforce a fair market rent appeal (FMRA) order is barred by the six-year statute of limitations (*see* CPLR 213 [1]; *see also Sciarra v 531 E. 83rd St. Owners Corp.*, 8 AD3d 159, 160 [2004]). Plaintiff's argument that the 20-year period in CPLR 211 (b) should apply in this case because the court is essentially being asked to undertake a ministerial act by issuing a money judgment for a sum certain, is unavailing. Unlike a rent overcharge proceeding governed by Rent Stabilization Code (9 NYCRR) § 2526.1 (e), which authorizes entry of a judgment based upon a Division of Housing and Community Renewal order, there is no such provision in 9 NYCRR 2522.3 (d), which governs FMRA orders. Accordingly, there can be no entry of a judgment based on such an order without commencement of a plenary action (*see 3410 Kingsbridge Partners v Atkinson*, 265 AD2d 204, 205 [1999]).

Nor has plaintiff demonstrated that the statute of limitations was tolled pursuant to CPLR 203 (g) or by the doctrine of equitable estoppel. Defendants' failure to name the plaintiff in the CPLR article 78 proceeding, of which plaintiff was unaware, did not prevent plaintiff from discovering that he had a claim against defendants or from filing a timely action to enforce the FMRA order.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Tom, J.P., Saxe, Friedman, Sweeny and Abdus-Salaam, JJ.