■ In the Matter of RICHARD MAHON et al., Respondents, v THOMAS NEELY, Appellant. (And Two Other Related Cases.) [597 NYS2d 499] —Yesawich Jr., J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Barone, J.), entered February 10, 1992 in Orange County, which granted petitioners' applications, in two proceedings pursuant to RPAPL article 7, to recover possession of real property.

In July 1990, petitioners prepared a letter indicating their intent to enter into a contract of sale, by which respondent (Thomas Neely) and his wife would commit to purchase from them a parcel of property in the Town of Warwick, Orange County (hereinafter the property). The letter, signed by petitioners' attorney and by the Neelys, provided that the closing was to take place on or before December 1, 1990, with time of the essence, and also set forth the terms of an early occupancy agreement. The Neelys took possession of the property on the same day the letter was prepared and, in accordance with the agreement, began paying the "occupancy charges" of $1,300 per month. A "non-refundable deposit" of $5,000 called for in the letter was apparently not made. No contract of sale was ever executed and no closing took place.

In November 1990, with no signed contract forthcoming from the Neelys, petitioners' attorney notified respondent, via his counsel, that henceforth he would be considered a month-to-month tenant. There is no evidence that respondent, who continued to occupy the premises beyond December, objected to this categorization. Indeed, petitioners aver that respondent agreed to pay $3,434 per month as rent thereafter; while respondent denies this, he nevertheless admits making payments totaling $13,300 between the beginning of January and the end of April 1991, after which no further payments were made.

In May 1991, adjoining property owners commenced an action in Supreme Court, the gravamen of which was nuisance, against petitioners and the Neelys. Thereafter, by letter dated May 28, 1991, petitioners notified respondent that the tenancy would be terminated "one month from June 1, 1991". Petitioners also served a three-day demand for rent on May 31, 1991 and on June 18, 1991 they commenced a summary proceeding pursuant to RPAPL article 7 in Justice Court of the Town of Warwick to regain possession of the property for

nonpayment of rent. On June 25, 1991, petitioners commenced a second summary proceeding in Justice Court to recover possession of the property on the ground that respondent was a holdover tenant. Respondent's motions to dismiss the proceedings were denied and the proceedings were eventually removed to the Supreme Court for joint trial with the Supreme Court action. Thereafter, petitioners moved for summary judgment and an immediate order of eviction in the holdover proceeding, and Supreme Court granted the motion. Respondent appeals.

Initially, we note that although the Neelys no longer occupy the subject property, this appeal has not been rendered moot because a reversal could provide the basis for a complaint against petitioners sounding in unlawful eviction. Thus, petitioners' motion to dismiss the appeal as moot is denied.

Turning to the merits, the facts clearly support Supreme Court's decision. It is undisputed that there was no contract for the sale of the property, and by continuing to occupy the premises after being notified that he would be considered a month-to-month tenant, and making payments to petitioners of approximately the amount agreed upon, respondent evidenced his acceptance of the offer made by petitioners to participate in a landlord/tenant relationship. A month-to-month tenancy was accordingly created *(see, Weiden v 926 Park Ave. Corp.,* 154 AD2d 308; *see also, Jacobs v Andolina,* 123 AD2d 835, 836).

There is no merit to respondent's argument that the letter of May 28, 1991—which the record indicates was served on respondent personally, as well as by regular mail, certified mail and fax—was insufficient to effectively terminate the tenancy as of the end of June 1991. The notice, which need not be given in written form, was timely and definite as required *(see,* Real Property Law § 232-b; *Matter of Industrial Funding Corp. v Megna,* 87 Misc 2d 443, 446). Respondent does not dispute the fact that he and his wife remained in possession of the property throughout the remainder of 1991, and he offers no evidence to suggest that petitioners acted in any way to revive the tenancy once it had been terminated. Thus, the holdover petition was properly granted.

Respondent's other arguments have been considered and found to be without merit.

Weiss, P. J., Mikoll, Levine and Casey, JJ., concur. Ordered that the order is affirmed, with costs.