■ In the Matter of Rita Tillim, Respondent, v Leon Fuks, Appellant. [634 NYS2d 508] —In a support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Kings County (Ambrosio, J.), dated April 15, 1994, which denied his objections to an order of the same court (Adams, H.E.), dated January 19, 1994, which granted

the mother's petition for child support arrears in the sum of $3,200.

Ordered that the order is affirmed, without costs or disbursements, the stay pending appeal granted by decision and order of this Court on motion dated June 27, 1994, is vacated forthwith, and the father's attorney is directed to release the sum of $3,200 from escrow to the mother.

It is well settled that a separation agreement entered into by spouses in contemplation of divorce is a contract subject to principles of contract interpretation (see, Rainbow v Swisher, 72 NY2d 106; see also, Matter of Meccico v Meccico, 76 NY2d 822). A court may not write into a contract conditions the parties did not insert by adding or excising terms under the guise of construction, nor may it construe the language in such a way as would distort the contract's apparent meaning (see, Slamow v Del Col, 174 AD2d 725, affd 79 NY2d 1016; Tantleff v Truscelli, 110 AD2d 240, affd 69 NY2d 769). The words and phrases used in an agreement must be given their plain meaning so as to define the rights of the parties (see, Laba v Carey, 29 NY2d 302; Levine v Shell Oil Co., 28 NY2d 205).

Here, the Family Court correctly determined that pursuant to the terms of the parties' separation agreement which had been incorporated into the judgment of divorce, the father was obligated to reimburse the mother the sum of $3,200 that she expended to send the child to summer camp in 1993.

Contrary to the father's contention, the Family Court was acting within its jurisdiction by entertaining the mother's petition (see, Matter of Silane v Silane, 173 AD2d 708; Matter of Cohen v Seletsky, 142 AD2d 111; Matter of Reeves v Samson, 105 AD2d 1040).

We find no merit to the father's remaining contentions. Balletta, J. P., Ritter, Copertino and Friedmann, JJ., concur.