■ In the Matter of COOPER REALTY COMPANY, Appellant, v DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [659 NYS2d 1009] —In a proceeding pursuant to CPLR article 78 to review a determination of the Deputy Commissioner of the New York State Division of Housing and Community Renewal, dated May 30, 1995, confirming a determination of the District Rent Administrator, dated October 5, 1993, which found that the tenant was not timely served with copies of rent registrations, imposed a rent freeze, and awarded treble damages for a willful overcharge of rent, the petitioner appeals from a judgment of the Supreme Court, Queens County (Lisa, J.), dated June 4, 1996, which denied the petition and dismissed the proceeding.

Ordered that the judgment is modified, on the law, by deleting the provision thereof which denied that branch of the petition which challenged the award of treble damages and substituting therefor a provision granting that branch of the petition and vacating that award; as so modified, the judgment is affirmed, without costs or disbursements.

An administrative determination will not be set aside unless it is arbitrary and capricious and without a rational basis in the record *(see, Matter of Sterling Ridge Realty Co. v New York State Div. of Hous. & Community Renewal,* 185 AD2d 354; *Matter of Seales v Mirabel,* 152 AD2d 672). In this case, there is a rational basis in the record for the determination of the New York State Division of Housing and Community Renewal (here-

inafter the DHCR) that the petitioner did not mail copies of initial or annual rent registrations to its tenant. DHCR's imposition of a rent freeze based upon that determination was not arbitrary and capricious or contrary to law *(see,* Rent Stabilization Code [9 NYCRR] § 2528.4]).

We conclude, however, that in this case the petitioner showed, by a preponderance of the evidence, that any rent overcharge was not willful, and therefore treble damages should not have been awarded *(see,* 9 NYCRR 2526.1).

The petitioner's remaining contentions are either unpreserved for appellate review or without merit. Miller, J. P., Sullivan, Joy and Altman, JJ., concur.