■ In the Matter of JOANNA SCALABRINI, Respondent, v GINO SCALABRINI, Appellant. [662 NYS2d 581] —In a support proceeding pursuant to Family Court Act article 4, the father appeals, as limited by his brief, from so much of an order of the Family Court, Westchester County (Scancarelli, J.), entered June 5, 1996, as denied his objections to an order of the same court (Mrsich, H.E.), entered April 15, 1996, which, after a hearing, directed him to pay the principal sum of $26,616.73 to the mother for arrears of college tuition for the parties' only child.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

A separation agreement entered into by spouses in contemplation of divorce is a contract subject to principles of contract interpretation (see, Matter of Meccico v Meccico, 76 NY2d 822, 823-824; Rainbow v Swisher, 72 NY2d 106, 109; see also, Mancini v Mancini, 236 AD2d 449; Matter of Tillim v Fuks, 221 AD2d 642, 643; Lambert v Lambert, 142 AD2d 557, 558). A court may not write into a contract conditions the parties did not insert by adding or excising terms under the guise of construction, and it may not construe the language in such a way as would distort the contract's apparent meaning (see, Matter of Tillim v Fuks, supra, at 643; Slamow v Del Col, 174 AD2d 725, 727; Tantleff v Truscelli, 110 AD2d 240, affd 69 NY2d 769). The words and phrases used in an agreement must be given their plain meaning so as to define the rights of the parties (see, Matter of Tillim v Fuks, supra, at 643; see also, Laba v Carey, 29 NY2d 302; Levine v Shell Oil Co., 28 NY2d 205).

Here, the Family Court correctly determined that, pursuant to the terms of the parties' separation agreement which had been incorporated into the judgment of divorce, the father was obligated to reimburse the mother the sum of $26,616.73 for the child's college expenses.

The court properly rejected the father's attempt to reform the parties' separation agreement by way of motion (see, Darragh v Darragh, 163 AD2d 648, 649; Lambert v Lambert, supra, at 558; Surlak v Surlak, 95 AD2d 371, 381; see also, Christian v Christian, 42 NY2d 63, 72; 2 Foster, Freed and Brandes, Law and the Family New York § 12:62, at 1017-1022 [2d ed]).

The father's remaining contentions are without merit. Miller, J. P., Ritter, Santucci and Florio, JJ., concur.