■ In the Matter of Jo ANN KALMAN, Appellant-Respondent, v STEPHEN KALMAN, Respondent-Appellant. [751 NYS2d 578] —In a child support proceeding pursuant to Family Court Act article 4, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Nassau County (Brennan, J.), dated October 3, 2001, as, inter alia, denied her objections to an order of the same court (Miller, H.E.), dated March 30, 2001, which, after a hearing, directed the father to pay a pro rata share of college expenses for the parties' daughter, and to pay counsel fees in the principal sum of only $11,200 to her attorneys, and the father cross-appeals from the same order.

Ordered that the cross appeal is dismissed as abandoned (*see* 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

"A separation agreement entered into by spouses in contemplation of divorce is a contract subject to principles of contract interpretation" (*Scalabrini v Scalabrini,* 242 AD2d 725, 726; *see Tillim v Fuks,* 221 AD2d 642, 643). "A court may not write into a contract conditions the parties did not insert by adding or excising terms under the guise of construction, and it may not construe the language in such a way as would distort the contract's apparent meaning" (*Scalabrini v Scalabrini, supra* at 726; *see Tillim v Fuks, supra*). Here, the Family Court correctly determined that, pursuant to the parties' stipulation of settlement, which was not incorporated into the judgment of divorce, the parties' agreement that the prevailing party be reimbursed for counsel fees did not obligate the court to award payment of any and all counsel fees. Thus, contrary to the mother's contention, the Family Court's award of a reasonable amount of counsel fees was proper.

Moreover, there is credible evidence in the record to support the Family Court's determination not to add non-recurring income from the sale of the father's dental practice to his adjusted gross income for purposes of calculating his pro rata share of college expenses. Prudenti, P.J., Florio, Friedmann and Adams, JJ., concur.