■ In the Matter of ANSONIA ASSOCIATES LIMITED PARTNER-SHIP, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents. [763 NYS2d 299] —Judgment (denominated an order), Supreme Court, New York County (Diane Lebedeff, J.), entered April 15, 2002, denying petitioner's application to annul respondent agency's determination, upon a petition for administrative review, awarding tenant rent overcharges, and dismissing the proceeding, unanimously reversed, on the law, without costs, the petition granted, and respondent's determination that petitioner was not entitled to charge a free market or vacancy rental annulled.

Petitioner Ansonia Associates Limited Partnership (Ansonia) is the owner of a 17-story apartment building designated as 2101-2115 Broadway, New York, New York. Respondent Michael Reimer is the tenant of apartment 4-135 in the Ansonia, and has been charged a "free market vacancy rent" since his tenancy began on or about March 15, 1983. Respondent New York State Division of Housing and Community Renewal (DHCR) is charged by statute with, inter alia, determining the lawful regulated rent and, if necessary, issuing an order directing the landlord to refund any amounts collected in excess thereof (see Matter of Christy v Lynch, 259 AD2d 324 [1999]).

Initially, when Reimer first moved into the Ansonia, it was a residential hotel subject to the Amended Code of the Metropolitan Hotel Industry Stabilization Association. On March 28, 1984, Reimer filed a rent overcharge complaint with the New York City Conciliation and Appeals Board, the DHCR's predecessor agency. The DHCR, effective August 13, 1984, reclassified the Ansonia as a rent-stabilized apartment building.[1]

Reimer, apparently in response to a subsequent amended initial rent registration filed by petitioner, filed a tenant's objection to initial rent/services registration on or about November 5, 1994. Petitioner responded to Reimer's objections on August 31, 1995, and claimed that Reimer was not entitled to a rent reduction. The DHCR, by notice dated October 2, 1996, requested additional information from Reimer regarding his complaint. Respondent submitted additional information in December 1996 and asserted for the first time that the landlord

1. Pursuant to the Omnibus Housing Act of 1983, the rent charged on April 1, 1984 defined the rent against which to compute any future increases, so long as the rent charged on April 1, 1984 was unchallenged. Accordingly, many tenants, apparently including Reimer, filed overcharge complaints before April 1, 1984 in order to preserve any overcharge claims (see 1 Treiman's Rent Stabilization Code Annotated, 1987 Commentary, § 2520.6 [e] [5th ed]).

was not entitled to charge fair market rent, commencing in 1983, because the prior tenant had been evicted pursuant to a holdover proceeding (Hotel Code § 20 [d], [g]). Reimer submitted a notice of termination, dated August 23, 1982, in support of his eviction claim.

On April 15, 1997, the Rent Administrator consolidated Reimer's 1984 overcharge complaint and his 1994 objections and determined, inter alia, that "there was no overcharge for the period March 15, 1983 through May 31, 1994." Reimer subsequently filed a petition for administrative review (PAR) asserting, inter alia, that the Rent Administrator failed to consider his challenges to the free market vacancy rent. Petitioner contended that there was no evidence the prior occupant of the apartment did not voluntarily vacate after the notice of termination was served, and that it had "nothing in its own records which indicates that the prior tenant was evicted."

The Deputy Commissioner granted the PAR and found that the "Notice of Termination" submitted by Reimer demonstrated that the prior tenant had been evicted and that petitioner had failed to rebut that evidence by submitting the results of the proceeding it had initiated against the prior tenant. The Deputy Commissioner ordered petitioner to refund overcharges of $4,143.64, although it found that the overcharges were not willful.

The Ansonia subsequently commenced the within proceeding by verified petition dated November 21, 2001, seeking to annul the determination of the Deputy Commissioner as arbitrary and capricious and without rational basis. Supreme Court denied the petition on the grounds, inter alia, that petitioner had failed to establish that the prior tenant had not been evicted, and that it was within the petitioner's ability to develop a fuller record before the DHCR, but chose not to do so.[2] We disagree and reverse.

The parties agree that section 3 (s) of the Amended Code of the Metropolitan Hotel Industry Stabilization Association is applicable in determining Reimer's initial rent in this case. That section provides: "Vacancy Rental—Rental of a dwelling unit by a tenant not previously in possession. Any dwelling unit voluntarily vacated by a tenant may be offered for rental and rented at any price without regard to any established

---

**2.** Notably, after the DHCR and Reimer answered the instant petition, petitioner submitted a reply in which it stated that it had recently requisitioned the subject landlord/tenant file which indicated the action against the prior tenant had been discontinued on December 9, 1982.

permissible rent level. *If the unit becomes vacant because the prior tenant was evicted therefrom, the unit shall not be considered voluntarily vacated and there shall be no increase in the rental of such dwelling unit* except for such increases that the prior tenant would have had to pay had he continued in occupancy." (Emphasis added.)

It is well settled that an administrative agency's determination will not be set aside unless it is arbitrary and capricious and without a rational basis in the record (*Matter of Pell v Board of Educ.*, 34 NY2d 222, 230 [1974]; *1 BK St. Corp. v New York State Div. of Hous. & Community Renewal*, 302 AD2d 263 [2003]; *Matter of Cooper Realty Co. v Division of Hous. & Community Renewal*, 240 AD2d 665 [1997]).

Contrary to the findings of Supreme Court, we find that Reimer's simple production of a notice of termination, without more, does not constitute adequate evidence that a holdover proceeding was ever commenced or that it resulted in the prior tenant's eviction. Indeed, there is no evidence in the record whatsoever indicating the prior tenant had been evicted and there is no explanation proffered by Reimer as to how the notice of termination was obtained and why no other records evincing the subsequent commencement, and apparent discontinuance, of the holdover proceeding were available. We, therefore, conclude that the DHCR's determination was arbitrary and without a rational basis in the record and, accordingly, annul that determination. Concur—Nardelli, J.P., Tom, Andrias and Lerner, JJ.