In the Matter of JILL SUSAN HANLON, Respondent, v RICHARD JOSEPH HANLON, JR., Appellant. [880 NYS2d 92]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals, as limited by his brief, from so much of an order of the Family Court, Westchester County (Edlitz, J.), entered July 1, 2008, as denied his objection to so

much of an order of the same court (Cabanillas-Thompson, S.M.), entered March 4, 2008, as, after a hearing, fixed his arrears for child support for the years 2002 through 2006 in the sum of $217,368.89.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, the father's objection is sustained, so much of the order entered March 4, 2008, as fixed his arrears for child support for the years 2002 through 2006 in the sum of $217,368.89 is vacated, and the matter is remitted to the Family Court, Westchester County, for further proceedings in accordance herewith.

In 1998, at a hearing on a petition for an order of child support, the parties stipulated that the father would comply with certain child support obligations, including an obligation to "pay or cause to be paid as and for child support, before January 31st of each year, 25% of his adjusted gross income (as defined by the Family Court Act) above his base salary (which may be in the form of a bonus, commission or other form of deferred compensation)." At the time that the order of support was entered, the father earned a "base salary" of approximately $100,000 per annum, with a bonus of approximately $100,000 paid in January of each year. In the years following the entry of the order of support, the father's base salary increased substantially. When the father failed to provide the mother with certain tax documents reflecting his annual income, she petitioned for an order of enforcement of the order of support. A Support Magistrate determined that, pursuant to the order of support, the father was obligated to pay 25% of any earnings in excess of $100,000 and, after subtracting the amount which the mother conceded had been paid, in the order entered March 4, 2008, fixed arrears in the sum of $217,368.89. The father's objections to the Support Magistrate's order were subsequently denied by the Family Court. He now appeals from so much of the order as denied his objection to so much of the Support Magistrate's order as fixed his arrears for child support for the years 2002 through 2006 in the sum of $217,368.89.

"[A]n open-court stipulation is an independent contract between the parties and will be enforced according to its terms unless there is proof of fraud, duress, overreaching, or unconscionability" (*Jablonski v Jablonski,* 275 AD2d 692, 693 [2000] [citation omitted]; *see Christian v Christian,* 42 NY2d 63, 73 [1977]; *Bruckstein v Bruckstein,* 271 AD2d 389, 390 [2000]). "Where the stipulation's terms are unambiguous, the parties' intent must be gleaned from the plain meaning of the words used by the parties" (*Linsalato v Giuttari,* 59 AD3d 682, 683

[2009]; *see Laba v Carey,* 29 NY2d 302, 308 [1971]; *Matter of Scalabrini v Scalabrini,* 242 AD2d 725, 726 [1997]; *Matter of Tillim v Fuks,* 221 AD2d 642, 643 [1995]). Here, the plain language in the order of support, entered upon the parties' stipulation, required that the father pay 25% of any income earned above his base salary, not 25% of any earnings above a fixed amount of $100,000 (*see generally Grace v Nappa,* 46 NY2d 560, 565 [1979]; *Matter of Nelson v Nelson,* 48 AD3d 688 [2008]; *Matter of Tillim v Fuks,* 221 AD2d at 643; *Bottitta v Bottitta,* 194 AD2d 510, 513 [1993]; *Karl v Karl,* 138 AD2d 354, 355 [1988]). Therefore, the Support Magistrate's calculations of the father's child support obligations as including 25% of his income in excess of $100,000 were incorrect. Accordingly, we reverse the order entered July 1, 2008, insofar as appealed from, sustain the father's objection to so much of the Support Magistrate's order entered March 4, 2008, as fixed his arrears for child support for the years 2002 through 2006 in the sum of $217,368.89, vacate so much of the Support Magistrate's order entered March 4, 2008, as fixed his arrears for child support for the years 2002 through 2006 in the sum of $217,368.89, and remit the matter to the Family Court, Westchester County, for a calculation of the correct child support obligation for the years 2002 through 2006, and the entry of an appropriate order regarding arrears and the father's ongoing child support obligation.

The father's remaining contentions are without merit. Rivera, J.P., Covello, Dickerson and Chambers, JJ., concur.