■ 31 VICTORY CORP., Plaintiff, v VICTORY PROPERTIES, LLC, Defendant/Third-Party Plaintiff-Appellant, et al., Defendants. LINDA CAHILL, Third-Party Defendant-Respondent. [921 NYS2d 909]—

In an action, inter alia, for injunctive relief, the defendant/third-party plaintiff appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Richmond County (Ajello, J.H.O.), entered March 31, 2010, as, after a nonjury trial, dismissed its third-party complaint to recover upon a personal guaranty.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The defendant/third-party plaintiff, Victory Properties, LLC (hereinafter Victory Properties), alleged that the third-party defendant, Linda Cahill, should be held liable pursuant to a personal guaranty she executed to secure the obligations owed by the plaintiff, 31 Victory Corp. (hereinafter 31 Victory), under the terms of 31 Victory's lease of a commercial space from Victory Properties. Following a nonjury trial, the Supreme Court determined, inter alia, that Cahill could not be held liable under the personal guaranty at issue and, in the judgment appealed from, dismissed Victory properties' third-party complaint against her. We affirm the judgment insofar as appealed from.

"The fundamental, neutral precept of contract interpretation is that agreements are construed in accord with the parties' intent" (*Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]). "[A] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (*id.*). Here, however, the terms of the guaranty,

including the effect and date of commencement of the 18-month limitation contained therein, cannot be enforced, as they did not have "a definite and precise meaning, unattended by danger of misconception in the purport of the [agreement] itself, and concerning which there is no reasonable basis for a difference of opinion" (*Breed v Insurance Co. of N. Am.*, 46 NY2d 351, 355 [1978]). Moreover, the intentions of the parties cannot be ascertained from any of the extrinsic evidence presented (*see Weiss v Weinreb & Weinreb*, 17 AD3d 353, 354 [2005]). As such, the Supreme Court properly construed the ambiguous terms of the guarantee against the party that drafted it, which in this instance was Victory Properties (*see Jacobson v Sassower*, 66 NY2d 991 [1985]; *151 W. Assoc. v Printsiples Fabric Corp.*, 61 NY2d 732, 734 [1984]).

In light of our determination, we need not address the parties' remaining contentions. Dillon, J.P., Balkin, Leventhal and Hall, JJ., concur.