In an action for a judgment declaring that the defendants have no claim against the estate of Arthur DeAngelis for his alleged failure to maintain a $300,000 life insurance policy on his life naming the defendants as beneficiaries, the defendants appeal from a judgment of the Supreme Court, Westchester County (Liebowitz, J.), entered August 12, 2011, which, upon a decision of the same court entered July 13, 2011, made after a nonjury trial, inter alia, declared that the defendants have no claim against the estate of Arthur DeAngelis for his alleged failure to maintain a $300,000 life insurance policy on his life naming the defendants as beneficiaries.
Ordered that the judgment is reversed, on the law and the *902 facts, with costs, and it is declared that the defendants have a claim against the estate of Arthur DeAngelis in the sum of $300,000 plus interest for his failure to a maintain a $300,000 life insurance policy on his life naming the defendants as beneficiaries.
Arthur DeAngelis (hereinafter the decedent) married Mariann DeAngelis (hereinafter Mariann) in 1966 and they had two children together, the defendant Anthony DeAngelis, born in 1968, and the defendant Catherine DeAngelis, born in 1971. The decedent and Mariann separated in 1986 and divorced in 1987. The separation agreement, which was incorporated but not merged into the judgment of divorce, provided that the decedent would maintain a $300,000 life insurance policy on his life for the benefit the defendants. The separation agreement also stipulated that the decedent’s failure to maintain a life insurance policy for the defendants’ benefit shall result in a charge against the decedent’s estate in the sum of $300,000. After both defendants were emancipated in 1993, the decedent changed the beneficiary on his life insurance policy to his current wife, the plaintiff Jeanne DeAngelis (hereinafter the plaintiff).
The decedent died in 2007, and the plaintiff filed a claim with the decedent’s life insurance company and was paid the sum of $300,000, plus interest. At the time of his death, the decedent did not have a life insurance policy naming the defendants as beneficiaries, and the defendants subsequently filed a claim against the decedent’s estate in the sum of $300,000. The plaintiff then commenced this action in the Supreme Court, Westchester County, for a judgment declaring that the defendants had no claim against the decedent’s estate for his failure to maintain a $300,000 life insurance policy for their benefit. After a nonjury trial, the Supreme Court issued a judgment in favor of the plaintiff.
In reviewing a decision made after a nonjury trial, “the power of this Court is as broad as that of the trial court, and we may render a judgment we find warranted by the facts, bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses” (Matter of Al Turi Landfill, Inc. v Town of Goshen, 93 AD3d 786, 791 [2012] [citations omitted]). “The terms of a separation agreement ‘incorporated but not merged into a judgment of divorce operate as contractual obligations binding on the parties’ ” (Colucci v Coined, 54 AD3d 710, 712 [2008], quoting Matter of Gravlin v Ruppert, 98 NY2d 1, 5 [2002]). “It has long been the rule that ambiguities in a contractual instrument will be resolved contra proferentem, against the party who prepared or presented it” (151 W. Assoc. *903 v Printsiples Fabric Corp., 61 NY2d 732, 734 [1984]). “Hence, a contract which is internally inconsistent in material respects or that reasonably lends itself to two conflicting interpretations is subject to the rule invoking strict construction of the contract in the light most favorable to the nondrafting party” (Natt v White Sands Condominium, 95 AD3d 848, 849 [2012]).
Here, the separation agreement was ambiguous as to whether the decedent’s obligation to maintain a life insurance policy naming the defendants as beneficiaries extended beyond the date of the defendants’ emancipation. However, it is undisputed that the decedent’s attorney drafted the separation agreement. Pursuant to the doctrine of contra proferentem, the Supreme Court should have construed the ambiguity against the decedent’s estate (see Graff v Billet, 64 NY2d 899, 902 [1985]; 31 Victory Corp. v Victory Props., LLC, 84 AD3d 937, 938 [2011]). Accordingly, the judgment must be reversed and a declaration made that the defendants have a claim against the decedent’s estate in the sum of $300,000 plus interest for his failure to a maintain a $300,000 life insurance policy on his life naming the defendants as beneficiaries.
The defendants’ remaining contention is without merit. Skelos, J.P, Leventhal, Hall and Lott, JJ., concur.