Karakash v Karakash (2021 NY Slip Op 04968)





Karakash v Karakash


2021 NY Slip Op 04968


Decided on September 15, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 15, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2018-10446
 (Index No. 1928/12)

[*1]Karine Karakash, appellant-respondent,
v
Edward Karakash, respondent-appellant.


Wisselman, Harounian & Associates, Great Neck, NY (Jordan E. Trager of counsel), for appellant-respondent.
Galasso & Langione, LLP, Garden City, NY (Peter J. Galasso of counsel), for respondent-appellant.



DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals, and the defendant cross-appeals, from stated portions of an order of the Supreme Court, Queens County (Anna Culley, J.), dated June 13, 2018. The order, insofar as appealed from, inter alia, granted that branch of the plaintiff's motion which was for leave to enter a judgment against the defendant in the sum of $915,650 for rent arrears only to the extent of awarding the plaintiff the sum of $518,500 for rent arrears, granted that branch of the plaintiff's motion which was for leave to enter a judgment against the defendant in the sum of $86,000 for mortgage arrears only to the extent of awarding the plaintiff the sum of $60,000 for mortgage arrears, and denied those branches of the plaintiff's motion which were for leave to enter a judgment against the defendant in the sums of $132,000 for mortgage debts, real estate tax arrears, interest, and penalties owed by the plaintiff on the marital residence, and $300,000 for lost equity in the marital residence. The order, insofar as cross-appealed from, inter alia, denied that branch of the defendant's motion which was for leave to enter a judgment in the sum of $81,319.67 against the plaintiff representing, among other things, unpaid carrying charges for the parties' property located at 68-02 Woodside Avenue, and granted that branch of the defendant's motion which was for leave to enter a judgment in the sum of $900,000 against the plaintiff for her alleged failure to pay the defendant a distributive award only to the extent of granting the defendant leave to enter a judgment in the sum of $321,500.
ORDERED that the order is modified, on the law, by (1) deleting the provision thereof granting that branch of the plaintiff's motion which was for leave to enter a judgment against the defendant in the sum of $915,650 for rent arrears only to the extent of awarding the plaintiff the sum of $518,500 for rent arrears, and substituting therefor a provision granting that branch of the plaintiff's motion to the extent of awarding the plaintiff the sum of $683,000 for rent arrears, and (2) deleting the provision thereof granting that branch of the defendant's motion which was for leave to enter a judgment in the sum of $900,000 against the plaintiff for her alleged failure to pay the defendant a distributive award only to the extent of granting the defendant leave to enter a judgment in the sum of $321,500, and substituting therefor a provision granting that branch of the defendant's motion to the extent of granting the defendant leave to enter a judgment in the sum of $157,000; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The parties were married in 1981; there are no minor children of the marriage. In 2012, the plaintiff commenced this action for a divorce and ancillary relief. The parties entered into a settlement agreement dated September 19, 2013 (hereinafter the Agreement). The terms of the Agreement were incorporated, but not merged into, the parties' judgment of divorce dated June 23, 2014 (hereinafter the judgment). In 2017, following one of several postjudgment disputes between the parties in connection with the effectuation of their respective obligations under the Agreement and the judgment, the defendant moved, inter alia, for leave to enter (a) a judgment in the sum of $900,000 against the plaintiff for her alleged failure to pay the defendant a distributive award of $900,000 by December 1, 2015, as required by Article XVI of the Agreement, and (b) a judgment in the sum of $81,319.67 against the plaintiff representing, among other things, unpaid carrying charges for the parties' property located at 68-02 Woodside Avenue (hereinafter the Woodside Avenue Property), such as property tax and water bill arrears, between October 1, 2015, and June 1, 2016, in violation of Article XI of the Agreement.
The plaintiff opposed the motion, and separately moved, inter alia, for leave to enter a judgment against the defendant for: (a) $915,650 in rent arrears the defendant allegedly owed pursuant to Article XI of the Agreement based on his use of the parties' jointly-owned vehicle repair shop located at 53-15 Queens Boulevard (hereinafter the repair shop), (b) $86,000 in mortgage arrears allegedly owed by the defendant on the parties' marital residence, located in Maspeth, (c) $132,000 in mortgage debts, real estate tax arrears, interest, and penalties owed by the plaintiff on the marital residence, which sums allegedly were incurred as a result of the defendant's wrongful conduct, and (d) $300,000 in lost equity in the marital residence. The plaintiff alleged that the marital residence was worth $850,000, but due to the defendant's conduct the parties were forced to sell that property for the sum of $550,000 in order to avoid foreclosure. The defendant opposed the plaintiff's motion.
In an order dated June 13, 2018, the Supreme Court determined, among other things, (a) that pursuant to Article XI of the Agreement the defendant owed the plaintiff $518,500 representing rent arrears from his use of the repair shop, (b) that the $518,500 in rent arrears owed by the defendant to the plaintiff would be deducted from the $900,000 distributive award owed by the plaintiff to the defendant under Article XVI of the Agreement, (c) that the defendant owed the plaintiff $60,000 in mortgage arrears on the marital residence, which sum also would be deducted from the $900,000 distributive award, and (d) that, with the aforementioned deductions, a balance of $321,500 remained on the distributive award owed by the plaintiff to the defendant. The plaintiff appeals from the order, and the defendant cross-appeals.
"The terms of a separation agreement incorporated but not merged into a judgment of divorce operate as contractual obligations binding on the parties" (Matter of Gravlin v Ruppert, 98 NY2d 1, 5; see DeAngelis v DeAngelis, 104 AD3d 901, 902). "'A matrimonial settlement is a contract subject to principles of contract interpretation, and a court should interpret the contract in accordance with its plain and ordinary meaning'" (Matter of Glick v Ruland, 185 AD3d 926, 928, quoting Matter of Filosa v Donnelly, 94 AD3d 760, 760). "'Where such an agreement is clear and unambiguous on its face, the parties' intent must be construed from the four corners of the agreement, and not from extrinsic evidence'" (Schonfeld v Saucedo, 159 AD3d 756, 758, quoting Herzfeld v Herzfeld, 50 AD3d 851, 851-852). "'A court may not write into a contract conditions the parties did not insert by adding or excising terms under the guise of construction, nor may it construe the language in such a way as would distort the contract's apparent meaning'" (Matter of Bokor v Markel, 104 AD3d 683, 683, quoting Matter of Tillim v Fuks, 221 AD2d 642, 643). "'The words and phrases used in an agreement must be given their plain meaning so as to define the rights of the parties'" (Matter of Bokor v Markel, 104 AD3d at 683, quoting Matter of Tillim v Fuks, 221 AD2d at 643).
Here, the plain terms of the Agreement unambiguously provide that the defendant was obligated to pay the plaintiff $23,500 in monthly rent for his use of the repair shop. Accordingly, since the defendant failed to pay any rent to the plaintiff for his use of the repair shop from October 1, 2015, through April 30, 2016, the Supreme Court should have awarded the plaintiff an additional seven months rent, totaling the sum of $164,500.
However, the Supreme Court correctly determined that the plaintiff failed to establish her entitlement to payment of repair shop rent, additional rent, and late fees for the period of May 1, 2016, through October 31, 2017. The parties agreed in a so-ordered stipulation dated March 23, 2016 (hereinafter the March 2016 order), that the defendant would vacate the repair shop by April 30, 2016, and the plaintiff furnished no evidence supporting her allegation that the defendant remained in the repair shop after April 30, 2016. Thus, the court properly rejected the plaintiff's demand for monies owed for the period from May 1, 2016, through October 31, 2017 (see Matter of Sumet I Assoc., LP v Irizarry, 103 AD3d 653, 654; Matter of Ansonia Assoc. Ltd. Partnership v New York State Div. of Hous. & Community Renewal, 307 AD2d 832, 834; Mahon v Neely, 193 AD2d 879, 880).
The Supreme Court properly rejected the plaintiff's contention that the defendant should be precluded from obtaining any money judgment in his favor until the repair shop is transferred or sold. Based upon the unambiguous terms of Articles XI and XVI of the Agreement, the plaintiff is obligated to pay the distributive award to the defendant within 60 days of the earlier of the plaintiff's sale or transfer of the repair shop, or the expiration of the lease for the repair shop, including any extension thereof. Although the Agreement provided that the two-year rental term for the repair shop ended on September 30, 2015, the March 2016 order effectively extended the lease term for the repair shop to April 30, 2016. Therefore, pursuant to Article XVI of the Agreement, the plaintiff was required to pay the distributive award to the defendant (minus any credits) within 60 days of the April 30, 2016, expiration of the lease term.
With respect to the marital residence, the Supreme Court properly issued a credit of $60,000 to the plaintiff for mortgage arrears owed by the defendant. As the parties stipulated in the Agreement that such arrears totaled "approximately $60,000," and because the plaintiff failed to furnish any evidence supporting her wholly unsubstantiated claim that the arrears in fact amounted to $86,000, the court properly rejected the plaintiff's request for an increased sum and correctly issued a credit of $60,000 to be deducted from the distributive award (see Lamassa v Lamassa, 106 AD3d 957, 960; see also Bauman v Bauman, 132 AD3d 791, 794; Spiegel-Porco v Porco, 127 AD3d 847, 848). Moreover, the court properly declined to issue the plaintiff a requested credit of $300,000 for alleged lost equity in the marital residence. The Agreement estimated the marital residence to be worth only $470,000, and four years after the date of the Agreement the plaintiff sold the marital residence for $550,000. Thus, the plaintiff's unsubstantiated claim that she should be credited for lost equity based on a home value of $850,000 is without merit (see Costa v Costa, 46 AD3d 495, 496; cf. Marino v Marino, 183 AD3d 813, 820).
With respect to the defendant's cross appeal, the Supreme Court providently exercised its discretion in declining to direct a hearing regarding his entitlement to credits for mortgage payments allegedly made by him for the marital residence between October 1, 2013, and September 20, 2015. The defendant's contention that the court was required to direct a hearing to determine any factual issues that were arguably in dispute because this postjudgment enforcement proceeding is the procedural equivalent of a summary judgment motion is without merit (see Matter of Jean v Washington, 71 AD3d 1145, 1146; Jaffe v Jaffe, 44 AD3d 825, 826). The caselaw cited by the defendant in support of his contention is inapposite (see Vumbico v Estate of Wiltse, 156 AD3d 939, 940-941; Bibbo v Arvanitakis, 145 AD3d 656, 657; Chimbo v Bolivar, 142 AD3d 944, 945; Baron v Brown, 101 AD3d 915, 916-917).
Moreover, the Supreme Court properly rejected the defendant's request for credits for mortgage payments allegedly made by him for the marital residence between October 1, 2013, and September 20, 2015, as the defendant's effort to substantiate those payments was limited to furnishing the same purported receipts referencing unverified cash payments, which had been previously rejected by the court in connection with a prior contempt motion (see Matter of Sumet I Assoc., LP v Irizarry, 103 AD3d at 654; Matter of Ansonia Assoc. Ltd. Partnership v New York State Div. of Hous. & Community Renewal, 307 AD2d at 834; Matter of Mahon v Neely, 193 AD2d at 880). Similarly, the court correctly denied the defendant's request for $81,319.67 in credits for property tax and water bill arrears for the Woodside Avenue Property without directing a hearing, as the defendant failed to substantiate with sufficient documentary evidence his claim that he paid [*2]such sums, and failed to demonstrate that such sums were due and owing (see LaBombardi v LaBombardi, 247 AD2d 590, 591; Matter of Cox v Cox, 181 AD2d 201, 204-205).
The Supreme Court properly issued the defendant various credits against the distributive award to be paid by the plaintiff to the defendant pursuant to the Agreement. Taking all of the credits into account, the court should have granted that branch of the defendant's motion which was for leave to enter a judgment in the sum of $900,000 against the plaintiff for her alleged failure to pay the defendant a distributive award to the extent of granting the defendant leave to enter a judgment in the sum of $157,000 (see Khan v Ahmed, 98 AD3d 471, 473; Curatola v Curatola, 43 AD3d 974, 976; Raninga v Raninga, 283 AD2d 414, 414; Lekutanaj v Lekutanaj, 234 AD2d 429, 430).
The parties' remaining contentions are without merit.
RIVERA, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court