Karakash v Karakash (2026 NY Slip Op 01190)

Karakash v Karakash

2026 NY Slip Op 01190

Decided on March 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
JAMES P. MCCORMACK, JJ.

2024-01918
 (Index No. 719323/22)

[*1]Karine Karakash, appellant, 
vEdward Karakash, respondent.

Stepanian Law Firm, New York, NY (Ruben Stepanian of counsel), for appellant.

DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment dated June 23, 2014, the plaintiff appeals from an order of the Supreme Court, Queens County (Michele R. Titus, J.), entered November 17, 2023. The order, insofar as appealed from, denied the plaintiff's motion for leave to enter a money judgment against the defendant in the sum of $846,000, representing alleged rent arrears, to hold the defendant in contempt, and for an award of attorneys' fees, and denied those branches of the plaintiff's separate motion which were to toll statutory interest that accrued on a money judgment in favor of the defendant and against the plaintiff, for leave to enter a money judgment against the defendant in the sum of $410,050.79, representing alleged damages caused by the defendant's dilatory conduct, and for an award of attorneys' fees.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties were married in 1981. In 2012, the plaintiff commenced this action for a divorce and ancillary relief. The parties entered into a settlement agreement dated September 19, 2013, which was incorporated, but not merged into, the parties' judgment of divorce dated June 23, 2014. Article XI of the settlement agreement provided, inter alia, that commencing October 1, 2013, the defendant was obligated to pay rent to the plaintiff in the sum $23,500 per month for use of a vehicle repair shop property located in Woodside to operate his repair shop business. Pursuant to a so-ordered stipulation dated March 23, 2016, the parties agreed that the defendant would vacate the repair shop property and relocate his business by April 30, 2016.
In 2022, after several postjudgment disputes between the parties in connection with the enforcement of their respective obligations under the settlement agreement and the judgment of divorce, the plaintiff moved for leave to enter a money judgment against the defendant in the sum of $846,000, representing alleged rent arrears the defendant owed pursuant to article XI of the settlement agreement based on his use of the vehicle repair shop from May 1, 2016, through March 20, 2019, to hold the defendant in contempt, and for an award of attorneys' fees. Subsequently, in 2023, the plaintiff moved to vacate a money judgment entered April 24, 2019, in favor of the defendant and against the plaintiff in the sum of $343,221.07, to toll the statutory interest that accrued on that money judgment, for leave to enter a money judgment against the defendant in the sum of $410,050.79, representing alleged damages caused by the defendant's dilatory conduct, and for an award of attorneys' fees.
In an order entered November 17, 2023, the Supreme Court, among other things, [*2]denied the plaintiff's first motion. With respect to the plaintiff's second motion, the court, in light of a decision and order of this Court dated September 15, 2021, deciding a prior appeal and cross-appeal (see Karakash v Karakash, 197 AD3d 1159), granted that branch of the motion which was to vacate the money judgment entered April 24, 2019, and thereupon, directed the Clerk of the Court to enter a new money judgment in favor of the defendant and against the plaintiff in accordance therewith in the sum of $157,000, together with interest from July 24, 2018. However, the court denied those branches of the plaintiff's second motion which were to toll interest on that judgment, for leave to enter a money judgment against the defendant in the sum of $410,050.79, representing alleged damages caused by the defendant's dilatory conduct, and for an award of attorneys' fees. The plaintiff appeals.
"The terms of a separation agreement incorporated but not merged into a judgment of divorce operate as contractual obligations binding on the parties" (Matter of Gravlin v Ruppert, 98 NY2d 1, 5; see DeAngelis v DeAngelis, 104 AD3d 901, 902). "'A matrimonial settlement is a contract subject to principles of contract interpretation, and a court should interpret the contract in accordance with its plain and ordinary meaning'" (Matter of Glick v Ruland, 185 AD3d 926, 928, quoting Matter of Filosa v Donnelly, 94 AD3d 760, 760). "'Where such an agreement is clear and unambiguous on its face, the parties' intent must be construed from the four corners of the agreement, and not from extrinsic evidence'" (Schonfeld v Saucedo, 159 AD3d 756, 758, quoting Herzfeld v Herzfeld, 50 AD3d 851, 851-852). "'A court may not write into a contract conditions the parties did not insert by adding or excising terms under the guise of construction, nor may it construe the language in such a way as would distort the contract's apparent meaning'" (Matter of Bokor v Markel, 104 AD3d 683, 683, quoting Matter of Tillim v Fuks, 221 AD2d 642, 643). "'The words and phrases used in an agreement must be given their plain meaning so as to define the rights of the parties'" (id.).
On the prior appeal and cross-appeal, this Court determined that, under the terms of the settlement agreement, which obligated the defendant to pay the plaintiff the sum of $23,500 in monthly rent for the defendant's use of the repair shop property, the plaintiff was entitled to an award of seven months of rent for the period of October 1, 2015, through April 30, 2016, totaling the sum of $164,500 (see Karakash v Karakash, 197 AD3d at 1162). The parties agreed in the so-ordered stipulation dated March 23, 2016, that the defendant would vacate the repair shop property by April 30, 2016, and, as was the case on the prior appeal and cross-appeal, the plaintiff furnished no evidence substantiating her allegation that the defendant remained in the repair shop property after April 30, 2016 (see id.). Thus, the Supreme Court properly rejected the plaintiff's demand for rent owed for the defendant's use of the repair shop property after April 30, 2016. Moreover, as the court found, since the plaintiff failed to show that the defendant owed any rent for the post—April 30, 2016 period, the plaintiff failed to show that the defendant should be held in contempt and that the plaintiff was thereby entitled to an award of attorneys' fees (see Dahan v Dahan, 237 AD3d 794, 796).
The Supreme Court properly denied that branch of the plaintiff's second motion which was to toll the interest on the money judgment in favor of the defendant and against the plaintiff. "It is well settled that postjudgment interest is awarded as a penalty for the delayed payment of a judgment" (ERHAL Holding Corp. v Rusin, 252 AD2d 473, 474; see CPLR 5003; Retirement Accounts, Inc. v Pacst Realty, LLC, 49 AD3d 846, 847). Here, the plaintiff failed to furnish evidence supporting her allegation that the defendant engaged in inequitable or dilatory conduct that would preclude him from his entitlement to interest earned on the unpaid money judgment in his favor.
The plaintiff's remaining contentions are without merit.
IANNACCI, J.P., CHRISTOPHER, WAN and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court